**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHAD REDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-00680-JAR |
| | ) |
| JOHN FABICK TRACTOR COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 10). The matter is fully briefed and ready for disposition.

**Background**

Plaintiff Chad Reding ("Reding") first filed this civil suit in the Circuit Court of St. Louis County, Missouri, on March 1, 2022. (Doc. No. 1, Exh. 3 at 5.) Reding brought one claim in his initial complaint alleging that Defendant John Fabick Tractor Company ("Fabick") retaliated against Reding for exercising his right to disability benefits under the Missouri Workers' Compensation Act. (*Id.* at 6.) On June 9, 2022, Reding filed the First Amended Petition ("FAP") containing one count against Fabick for retaliatory discharge and discrimination for Reding's exercise of his workers' compensation rights pursuant to Mo. Rev. Stat. § 287.780. (Doc. No. 5, the "FAP".) Through the FAP, Reding asserted the following relevant facts.

Reding suffered injuries while performing his work duties as an employee for Fabick, on or about September 27, 2016, and again on or about January 3, 2017. (FAP at 1.) Thereafter, Reding received medical treatment and obtained temporary total disability payments pursuant to

1

§ 287.010. (*Id.* at 2). After surgery, Reding was off work from March 1 through May 15, 2017. (*Id.*)

On June 2, 2017, Fabick's Director of Human Resources, Kimberly Gerdes, informed Reding that he "had to resign or be terminated." (Doc. No. 5, at 2.) Redding was discharged from his employment that same day. (*Id.*) Fabick also denied Redding vacation benefits, which he asserts was an act of discrimination. (*Id.*) Reding further claims that both the discharge and the denial of vacation benefits were acts of retaliation, causally related to his exercise of his rights under the workers' compensation statute. (*Id.*)

On June 28, 2022, Fabick filed a notice of removal, asserting that this Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1331. (Doc. No. 1.) Although the FAP did not explicitly predicate Reding's claim on a collective bargaining agreement ("CBA"), Fabick argues that Reding's allegations regarding the denial of his vacation benefits are "substantially dependent on" the interpretation of the CBA. (Doc. No. 11, at 2-3.) Specifically, Fabick notes that Reding accrued vacation benefits pursuant to the terms of the CBA with Fabick. (Doc. No. 14, at 2). Fabick maintains that Reding's allegations are substantially dependent on the interpretation of that CBA, making them completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), and affording the Court with federal question jurisdiction. *See* 29 U.S.C. § 152(2); 29 U.S.C. § 185(a); 28 U.S.C. § 1331. Fabick further asserts that the Court has supplemental jurisdiction over any claims that are not dependent on the CBA pursuant to 28 U.S.C. § 1367. (Doc. No. 11, at 3.)

Reding filed a motion to remand on July 27, 2022, in which he argues that 28 U.S.C. § 1445(c) renders this action non-removable. (Doc. No. 11, at 4-5.) Section 1445(c) states that any civil case arising from a state's workers' compensation law and filed in that state may not be

removed to any district court of the United States. Reding asserts that his claim for retaliation arises under the Missouri Workers' Compensation statute, making this case non-removable. (Doc. No. 11, at 5 (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995).) In the alternative, Reding argues that the Court must sever and remand his retaliatory discharge claim from his claim for vacation benefits.

**Legal Standards**

Any civil action brought in a state court over which the federal district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The "presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1025 (E.D. Mo. 2014)(quoting *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998)). Nevertheless, a defendant may remove a state law claim to federal court only if the action originally could have been filed there. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Removal statutes are strictly construed. Any "doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). As the party invoking jurisdiction, the defendant bears the burden of establishing jurisdiction. *Green*, 21 F.Supp.3d at 1025 (internal citations omitted). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. The Court examines whether removal was proper by evaluating the plaintiff's pleadings at the time of removal. *Id.* (internal citations omitted). A case

must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); FED. R. CIV. P. 12(h)(3).

Section 301 of the LMRA states that federal law applies to "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 152(2). The LRMA completely preempts state law claims which are "substantially dependent" on an analysis of a CBA because the application of state law to that analysis "might lead to inconsistent results" between suits filed in different states. *Lingle v. Norge Div. of Magic Chef, Inc.*, 48 U.S. 399 (1988); *see also Williams v. National Football League*, 582 F.3d 862, 874 (8th Cir. 2009). When a statute is "completely preempted," it "converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). State law claims that are completely preempted are considered federal claims from their inception; these claims, therefore, "arise under federal law" for the purposes of a jurisdictional analysis. *Id.*

**Discussion**

The Court applies a two-step analysis when determining whether a claim is sufficiently independent of an issue requiring the interpretation of a CBA. *Williams*, 582 F.3d at 874. First, the Court examines whether a provision of the CBA "is at issue," and whether it "actually sets forth the right upon which the [state law claim to be preempted] is based." *Id*. Next, the Court considers whether the state law claim "is dependent upon an analysis of the relevant CBA," or, whether the resolution of the state law claim requires interpretation of the CBA. *Id*. The Eighth Circuit has clarified that preemption under § 301 occurs only when a claim truly requires interpretation of a CBA. Claims that only "reference" the CBA are not preempted. *Green*, 21 F. Supp. 3d at 1026 (internal quotations and marks omitted). Likewise, courts must take care to ensure that a plaintiff's

claim requires interpretation of a CBA, rather than a defense the defendant has injected into the case. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987).

The CBA dictates that union members, including Reding, accrue vacation on the anniversary of their employment with Defendant. (Doc. No. 14, at 2.) Vacation days then reset for the next year; while the member may use their full allotment of days after their employment anniversary passes, any unused vacation days from the previous year are "lost" under the terms of the CBA. (*Id.*) When Reding left on his disability leave, he had seven days of vacation leave available to him; however, his anniversary date passed while he was on leave, and his benefit year thus reset. (Doc. No. 14, at 2). Fabick explains that two of its employees had been permitted to "roll over" their unused vacation days on their employment anniversary because, for at least one of the two employees, Fabick had required the employee to work on their previously scheduled vacation day. (*Id.* at 3.) Under Fabick's framework, Reding's argument for discrimination is therefore predicated on losing his unused vacation days while on disability leave, while Fabick exceeded the scope of the CBA to roll over unused vacation days for other employees.

As an initial matter, the Court finds that Reding's FAP states only one claim, a claim for retaliation against him after he exercised his rights to workers' compensation. Reding broadly alleges that Defendant "discriminated against" him when denying him benefits. (FAP.) However, Reding does not provide substantive details about this discrimination, except that the discrimination included the denial of benefits and discharge from employment. *Id.* The denial of benefits includes the failure to "roll over" unused vacation days from one year to another. *Id.*

The Court can only have federal question jurisdiction if Reding's Workers' Compensation claim is preempted under § 301 of the LRMA because its analysis is substantially dependent on the interpretation of a CBA. The Court finds that Reding's reference to his unused vacation days

5

in the FAP is not a separate claim, but an example of how Fabick retaliated against him. (FAP at 2). Reding does not allege that Fabick denied his vacation benefits in violation of the CBA. Instead, Fabick relies on Article V of the CBA as a defense to Reding's claims. (Doc. No. 14 at 3). Reding argues that this case does not require interpretation of or referral to a CBA, while Fabick asserts that Reding's right to "roll over" vacation days is settled in the CBA. Typically, a defendant may not remove a case to federal court based on a defense, including federal preemption. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under § 301 of the LRMA, a defendant may not remove a case based on a defense alleging pre-emption if the complaint does not allege a claim requiring the Court to refer to or interpret a CBA when deciding the case. *See Markham,* 861 F.3d at 753. Both parties make their arguments through reference to specific cases. As discussed herein, the Court finds that interpretation of the CBA is not required for deciding this case and, thus, the Court lacks subject matter jurisdiction.

In *Humphrey*, the employee's claim that his discharge was in retaliation for exercising his rights under the workers' compensation statute was an issue which could be resolved without consideration of the CBA, and preemption did not apply. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995). *See also, Thomas v. DCL Fabrication, Inc.*, Case No. 4:16-cv-00099-JAR, 2016 WL 3971395, at *3 (E.D. Mo. Jul. 25, 2016) (citing *Lingle*, 486 U.S. at 408-410; *Meyer v. Schnucks Markets, Inc.*, 162 F.3d 1048, 1050-1052 (8th Cir. 1998); *Dunn v. Astaris, LLC*, No. 07-2333, 292 Fed. Appx. 525, 526-527 (8th Cir. 2008) (unpublished per curiam)). *Cf. Boldt v. Northern States Power Company*, 904 F.3d 586, 589 (8th Cir. 2018) (finding that a proper interpretation of whether an employee was discriminated against or subject to permitted fitness-for-duty testing required turning to the CBA, and thus, § 301 of the LRMA completely preempted the state law claim).

The CBA in this case is silent as to the right Reding claims is at issue: employees' right to "roll over" vacation days. The CBA does establish an employee's right to a certain amount of vacation time depending on the employee's tenure in Fabick's employment. (Doc. No. 1, Exh. 4, at 5); *see also Humphrey*, 58 F.3d at 1246. It also outlines when, and how, an employee may schedule their vacation; guarantees employees who terminate their employment with Fabick *pro rata* vacation pay; and stipulates that employees may take up to five consecutive vacation days during emergency circumstances. (*Id.* at 5-6.) The CBA in this case does not state how Fabick should allocate unused vacation days. The Court therefore does not have to interpret the CBA in order to resolve this claim and no reference to the CBA is central to the resolution of this case.. Accordingly, Reding's claims under the Missouri workers' compensation statute are not completely preempted by § 301 of the LMRA.

Because § 301 does not completely preempt this question, the Court lacks federal question jurisdiction over Reding's claim regarding his unused vacation days. It will also decline to exercise supplemental jurisdiction over any other claim Reding alleges. Federal district courts may only exercise supplemental jurisdiction over those claims which are so related to those supporting original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). As the Court lacks federal question jurisdiction over the issue of Reding's unused vacation days, there are no claims in this case over which it has original jurisdiction. Indeed, the Court reads Reading's complaint as one, cohesive Count: Reading's references to his unused vacation days stand as evidence of his overall claim for retaliation. Therefore, the Court cannot exercise supplemental jurisdiction over Reding's claim for retaliation, and this case must be remanded in its entirety to the Circuit Court of St. Louis County, Missouri.

**Fees and Costs**

When remanding an action to state court, a district court may require defendants to pay just costs and actual expenses that a plaintiff has incurred as a result of removal. 28 U.S.C. § 1447(c). An award of costs and fees is appropriate where the removing party lacks an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As Defendant based its removal on a nuanced distinction of this case from *Humphrey* and *Boldt*, the Court concludes that Defendant's removal of this action was not objectively unreasonable and that an award of costs and fees is not warranted under these circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (Doc. No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court for the County of St. Louis, Missouri.

Dated this 28th day of March, 2023.

                                                                              _____
                                                                              JOHN A. ROSS
                                                                              UNITED STATES DISTRICT JUDGE